——, *for appellees.*

---

## ADALINE CHEATHAM *v.* NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY.

**Appeal—Reversal—Conflicting Evidence.**

The Court of Appeals shall not disturb a verdict or judgment upon conflicting evidence.

### APPEAL FROM SHELBY CIRCUIT COURT.

December 8, 1873.

OPINION BY JUDGE PRYOR:

It is unnecessary to determine any of the legal questions arising upon the facts in this case as there was certainly a conflict in the testimony and in such case this court will not interfere to disturb the verdict of a jury, or the judgment of a court where the law and facts have been submitted, and a jury dispensed with, unless that judgment is palpably against the evidence.

The fact in issue was—Did the company, through its agent, make the contract alleged in the petition? Two witnesses state that they heard the agent of the company say to young Cheatham that the policy of insurance should date from the application and that the agent dispensed with the payment of any money.

The agent swears that in making his suggestions to the young man in regard to the insurance he told him that if he made the payment of the money required, that he would deliver him a binding receipt and then his policy would include all risks from the date of this receipt; that the young man failed to pay any money for the reason that he had none and he was then told that a policy would be sent for and delivered to him upon the payment of the premium.

Before the policy reached the agent, the young man had been shot and was dangerously ill, and in his then condition could not have required a delivery of the policy.

No money had been paid by him or note given and it is hardly reasonable to suppose that the agent could have been so liberal as to insure his life upon such terms.

We can not adjudge that the weight of the testimony is against the judgment of the court—we think the court very properly dismissed the petition.

The judgment is *affirmed.*

*Bullock, Barnett, Edwards, Harding, for appellant.*

*Harwood, for appellees.*